UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| ARI BAILEY, | CIVIL ACTION NO. 3:15-1554 |
|---|---|
| Plaintiff, | |
| v. | (Judge Mannion) |
| DAVID A. EBBERT, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

This matter comes before the Court upon Plaintiff Ari Bailey's Motion pursuant to Federal Rule of Civil Procedure 60(b), for Reconsideration of this Court's Order striking Plaintiff's proposed second amended complaint brought pursuant to 42 U.S.C. §1983. (Doc. 220). Defendants have filed an opposition to the Motion, which is now ripe for disposition. For the reasons explained below, the Court will deny the Motion and dismiss this action with prejudice for failure to prosecute.

### I. BACKGROUND

The background relevant to the disposition of this Motion starts in 2017, when Plaintiff, a federal prisoner formerly confined at the United States Penitentiary at Lewisburg, sought leave of Court to file a second amended

complaint. (*See* Doc. 160). At that time, his Amended Complaint consisted of nineteen pages and named as defendants approximately forty-two officials employed at USP Lewisburg. (Doc. 80). The Court granted Plaintiff's request, specifying that he may file a single, all-inclusive second amended complaint limited to the claims directly related to the allegations in the Amended Complaint. (*See* Doc. 182). Plaintiff then requested leave to submit a second amended complaint that exceeds fifteen pages. *See* ECF 187. The Court granted Plaintiff's request, but limited the second amended complaint to no more than twenty-five pages in length. (*See* Doc. 190).

After two extensions of time, Plaintiff filed a one hundred page proposed second amended complaint, which contains over four hundred paragraphs. (*See* Doc. 191). In addition to the defendants named in the Amended Complaint, the proposed second amended complaint named an additional forty-one defendants. (*See id.*). Defendants moved to strike the proposed second amended complaint, because it failed to comply with the Court's prior order limiting it to a maximum of twenty-five pages in length. (*See* Doc. 192). The Court found that Plaintiff violated the Court's prior order, granted the motion to strike, but also provided Plaintiff with a final opportunity to comply with the Court's prior order by submitting a proposed second amended complaint limited to twenty-five pages and the events and conduct

described in the Amended Complaint (the "Order"). (*See* ECF No. 210). In that Order, Plaintiff was warned that a failure to timely submit a proper second amended complaint would result in the dismissal of this action for failure to prosecute. (*See id.* at 3). Plaintiff requested an extension of time in which to file the proposed second amended complaint, which the Court granted as a final extension. (*See* Doc. 214). The order provided that the proposed second amended complaint was due by October 22, 2018, and warned that no further extensions would be granted.

Instead of submitting a proposed second amended complaint that conforms to the Court's prior order, on October 16, 2018, Plaintiff filed a notice of appeal regarding the Court's Order striking his non-conforming proposed second amended complaint.[1] (*See* Doc. 215). While the appeal was pending, Plaintiff filed the instant Motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6), which he styles as a "Motion to Vacate" but which the Court will construe as a Motion for Reconsideration. (*See* Doc. 220). In the Motion, Plaintiff states that he did not receive the Court's Order limiting his proposed second amended complaint to a maximum of twenty-

---

[1] Shortly after the notice of appeal was filed, this civil action was reassigned to the undersigned as a result of Judge Conaboy's passing.

five pages until after he had mailed his proposed second amended complaint to the Court for filing. (*See* Doc. No. 221 at 1 (brief)).

Relevant to Rule 60(b)(6), Plaintiff argues that he can demonstrate "extraordinary circumstances" because "an extreme and unexpected" hardship will result if the Court does not offer relief from its Order striking his proposed second amended complaint. (*Id.* at 3). In addition, Plaintiff argues that because the Court did not order service of the proposed second amended complaint, the Court lacked personal jurisdiction over defendants, which thus renders the Order void and permits relief from that Order pursuant to Rule 60(b)(4).[2]

On November 26, 2019, the Court of Appeals for the Third Circuit dismissed his appeal. (*See* Doc. 228 (certified order in lieu of mandate)).

## II.   DISCUSSION

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or [to] present newly discovered evidence." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999). "Dissatisfaction with the Court's

---

[2] Plaintiff also includes argument and case citations regarding default judgments. Such, however, are inapposite to the procedural posture of this action as no default has been entered.

4

ruling is not a proper basis for reconsideration." *Id.* (citation omitted). *See also Glenolden Energy Co. v. Borough of Glenolden*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (finding that a motion for reconsideration is not properly grounded on request to rethink a decision the court has already made). Relevant here, Federal Rule of Civil Procedure 60(b)(4) and (6) permits the Court to relieve a party from a "Final Judgment, Order or Proceeding" when the judgment is void or for "any other reason that justifies relief." "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).

Turning to Plaintiff's argument under Rule 60(b)(4), Plaintiff argues that the Order is void because the Court did not order service of his proposed second amended complaint on the defendants, and the Court thus lacked personal jurisdiction over the defendants. Under Rule 60(b)(4), "[a] judgment may be void if the court that rendered it lacked jurisdiction over the subject matter or the parties, or entered a decree which was not within the powers granted to it by law." *Alston v. Kean Univ.*, 604 F. App'x 216, 217 (3d Cir. 2015) (citing *Marshall v. Board of Educ., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir.1978)).

Plaintiff's arguments regarding the alleged voidness of the Order fail. Specifically, the Court had subject-matter jurisdiction over the proposed second amended complaint brought pursuant to 42 U.S.C. §1983 because the action concerns a federal question. *See* 28 U.S.C. §1331. The Court had personal jurisdiction over Plaintiff who has clearly consented to the Court's jurisdiction by commencing this lawsuit. Whether the Court had personal jurisdiction over Defendants is immaterial because the Order did not bind Defendants. *See Hansberry v. Lee*, 311 U.S. 32, 40-41 (1940); *Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1567 (3d Cir. 1994) (noting general principle that "a party is not bound by a court's order unless it has personal jurisdiction over him") (in dissent).

Finally, the Court was well within its discretion to strike the proposed second amended complaint—whether on motion or *sua sponte*—because it failed to comply with the ordered page limitation and Federal Rule of Civil Procedure 8. Rule 8 provides that a pleading "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's proposed second amended complaint consisted of one hundred pages and over four hundred paragraphs. This far exceeds the notice pleading provided for in the federal rules, and courts routinely strike such pleadings. *See, e.g, Singh v. Pocono Medical Ctr.*, No.

6

3:09-cv-439, 2010 WL 11674107, at *1, 4 (M.D. Pa. June 9, 2010) (striking 131 page complaint with 510 paragraphs); *Downing v. York County District Attorney*, No. 1:CV-05-351, 2005 WL 1210949, at *2 (M.D. Pa. April 21, 2005) (striking a thirty-three page complaint with 299 paragraphs*); Nagel v. Pocono Medical Ctr.*, 168 F.R.D. 22, 23-4 (M.D. Pa. 1996) (striking a 184 paragraph complaint); *Burks v. City of Phila.*, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (striking a thirty-six page, 128 paragraph complaint). Because the Order is not void, the Court will deny reconsideration under Rule 60(b)(4).

Plaintiff also argues that reconsideration is proper under Rule 60(b)(6). Subsection (6) of Rule 60(b) is a catchall provision which allows a court to relieve a party from an order for any other reason justifying relief. *See Coltec Indus, Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). The Third Circuit, however, has consistently held that Rule 60(b)(6) is limited to circumstances for extraordinary relief and may only be invoked upon a showing of exceptional circumstances. *See id.* at 273; *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). Exceptional or extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices. *See Budget Blinds*, 536 F.3d at 255. In addition, legal error alone fails to justify relief under Rule 60(b)(6). *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir.2004); *Morris v. Horn*,

7

187 F.3d 333, 341 (3d Cir. 1999) (stating that "a Rule 60(b)(6) motion may not be used as a substitute for an appeal.").

Here, Plaintiff argues that he can demonstrate extraordinary circumstances, however he fails to identify those circumstances in his Motion and brief. At best, he generally states that he will suffer an extreme and unexpected consequence if the Order is not reconsidered. It is clear, however, that Plaintiff cannot demonstrate the sort of extraordinary circumstance resulting in such a hardship that would warrant reconsideration under Rule 60(b)(6). As Defendants point out, the Court's decision to strike the proposed second amended complaint was the direct result of Plaintiff's "deliberate choices" to file a pleading which violated its prior order regarding page limitations. This is the sort of self-created consequence for which reconsideration under Rule 60(b)(6) is inappropriate. Indeed, even in the Order striking the second amended complaint, the Court again gave Plaintiff another opportunity to file a conforming pleading, and, even after that, granted Plaintiff an extension of time to do so. That Plaintiff failed to avail himself of that opportunity does not create an extraordinary circumstance. Any hardship to be endured by Plaintiff is not unexpected—it was expected. As such, reconsideration under Rule 60(b)(6) will be denied.

Finally, the Court must consider whether to dismiss Plaintiff's action for failure to prosecute. Plaintiff has been warned in the Order that a failure to file a conforming proposed second amended complaint would result in the dismissal of this action for Plaintiff's failure to prosecute. Plaintiff has failed to file a conforming proposed second amended complaint.

When considering whether to dismiss a complaint for failure to prosecute or comply with a court order, courts should consider:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

With regard to the first factor, Plaintiff bears sole responsibility for his failure to comply with previous court orders, particularly since he has been warned, on numerous occasions, of the consequence for failing to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Court's orders.

Second, Plaintiff's failure to prosecute this matter has prejudiced Defendants. This action has continued on since 2015, and Plaintiff has steadfastly refused to submit a compliant amended complaint. The events

that form the basis of Plaintiff's action occurred six years ago, and the lapse in time between those events and this date has undoubtedly resulted in "the inevitable dimming of witnesses' memories." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 80 (3d Cir. 2012). Due to Plaintiff's failure to file a compliant amended complaint, the parties have not engaged in discovery, increasing the harm that may result from decaying witness memories.

Third, Plaintiff's failure to comply with the Court's orders in this case demonstrates a history of dilatoriness. Fourth, Plaintiff was warned that failure to file a compliant amended complaint may result in dismissal of this matter, yet he still failed to file one that complies with this Court's orders. This leads to the inevitable conclusion that Plaintiff's failure to comply with those orders is willful.

Fifth, because Plaintiff is proceeding *pro se* and *in forma pauperis*, no sanction other than dismissal would be effective. *See Briscoe v. Klem*, 538 F.3d 252, 262-63 (3d Cir. 2008).

Finally, it is difficult to assess the merit of Plaintiff's claims given his repeated failures to file a compliant amended complaint. Therefore, it is not possible to conclude that Plaintiff could plausibly state a claim for relief.

The relevant factors overwhelmingly weigh in favor of dismissing Plaintiff's action for failure to prosecute or comply with a court order.

Although it is a drastic sanction, the Court is left with no other choice than to dismiss this action this prejudice.

## III. CONCLUSION

For the reasons set forth above, the Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b) will be denied and this action will be dismissed for failure to prosecute or comply with a Court order. An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 13, 2020**
15-1554-01